985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee/Cross-Appellant,
v.
Danny YELLOWMAN, Defendant-Appellant/Cross-Appellee.
 Nos. 91-10460, 91-10558.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1992.
Decided Jan. 21, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CR-90-00300-PGR; Paul G. Rosenblatt, District Judge, Presiding.
 D.Ariz.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Both parties to the proceedings below have appealed. Danny Yellowman timely appeals his conviction of murder in the first degree under 18 U.S.C. § 1111(a). He contends that the district court incorrectly instructed the jury on the elements of first degree murder, and that the evidence at trial was insufficient to support a verdict of first degree murder.
 
 
 3
 The United States in a timely manner seeks a review of the district court's sentence of 300 months imprisonment. It contends that 18 U.S.C. § 1111(b) mandates a life sentence.
 
 
 4
 We affirm the conviction and remand for resentencing.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 5
 Vertina Nelson died at the age of 18 months as the result of internal injuries inflicted by Danny Yellowman. At the time of her death, Vertina Nelson lived with her mother and brothers in Chinle, Arizona, within the confines of the Navajo Indian Reservation. Yellowman lived in the same household.
 
 
 6
 Yellowman's actions were brutal and the consequences tragic. He stated that he hit Vertina once in the face with the back of his hand after he found her playing with a fan. Vertina fell backwards on the bed and started crying. Yellowman took the fan away from her and left the room. He returned to the room and discovered her playing with the fan. He took the fan away and struck her again in the head. When he hit her, her head snapped back, and the back of her head struck the floor. He left the room once more and returned to find Vertina lying on the floor crying. Yellowman kicked her in the side, and she flew through the air and hit a dresser about three feet away. Yellowman then kicked her a second time. After he kicked her, Vertina stopped crying, and her eyes rolled into the back of her head.
 
 
 7
 At sentencing, Yellowman maintained that under the sentencing guidelines the district court could impose a sentence of any number of years in prison as provided in 18 U.S.C. § 3581(b)(1). The United States requested that Yellowman be sentenced to life imprisonment, but agreed that the court could impose a sentence of any term of years. The district court sentenced Yellowman to 300 months in prison to be followed by 5 years of supervised release.
 
 II.
 JURISDICTION
 
 8
 The district court had jurisdiction pursuant to 18 U.S.C. §§ 3231 & 3242 based on an indictment charging Yellowman, an Indian, with crimes against the United States within Indian country. This Court has jurisdiction under 28 U.S.C. § 1291.
 
 III.
 STANDARDS OF REVIEW
 
 9
 Whether a jury instruction misstates elements of a statutory crime is a question of law reviewed de novo. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). In reviewing the sufficiency of the evidence to support a verdict, the question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)). The legality of a sentence is reviewed de novo. United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992).
 
 IV.
 DISCUSSION
 A. Instruction on First Degree Murder
 
 10
 Yellowman argues that the district court incorrectly instructed the jury on the elements of first degree murder because the instruction did not require proof of both premeditation and deliberation. We reject this argument.
 
 
 11
 The district court instructed the jury on the elements of first degree murder using a modified 9th Circuit model jury instruction. The instruction required the government to prove beyond a reasonable doubt the following elements:
 
 
 12
 First, that the defendant is an Indian and the alleged events occurred on an Indian Reservation within the District of Arizona;
 
 
 13
 Second, the defendant killed Vertina Ann Nelson;
 
 
 14
 Third, the defendant killed Vertina Ann Nelson with malice aforethought; and
 
 
 15
 Fourth, the killing was premeditated.
 
 
 16
 The instruction then defined malice aforethought and premeditation as follows:
 
 
 17
 To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.
 
 
 18
 Premeditation means with planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough, after forming the intent to kill, for the killer to have been fully conscious of the intent and to have considered the killing.
 
 
 19
 We conclude that the instructions given by the district court correctly set forth the elements of first degree murder under 18 U.S.C. § 1111(a). See United States v. Free, 841 F.2d 321, 325 (9th Cir.) cert. denied, 486 U.S. 1046 (1988) ("the essential elements of first-degree murder are: (1) the act or acts of killing a human being; (2) doing such act or acts with malice aforethought; and (3) doing such act or acts with premeditation.")[1]
 
 B. Sufficiency of the Evidence
 
 20
 The verdict of first degree murder may be disturbed only if this Court, viewing the evidence in the light most favorable to the government, concludes that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Bishop, 959 F.2d at 829. The elements of first degree murder, including premeditation, may be established by circumstantial evidence and from inferences drawn from it. Free, 843 F.2d at 325. Relevant circumstantial evidence includes the manner of the killing. Id.
 
 
 21
 The evidence at trial was that Yellowman hit or kicked Vertina in three separate incidents on the day she died. He left the room twice and returned to strike her with increasing severity. The final time he entered the room he found Vertina lying on the floor crying, and kicked her two times with the force that caused the internal injuries which caused her death. These attacks stopped only when her eyes rolled into the back of her head. A rational jury could have inferred from this evidence that Yellowman did premeditate as he resumed his separate attacks upon Vertina, and as the severity of the blows increased with each attack until she became unconscious.
 
 
 22
 Thus, we conclude there was sufficient evidence to support the verdict of first degree murder.
 
 C. Sentencing
 
 23
 The United States argues that the district court erred in sentencing Yellowman to 300 months imprisonment because 18 U.S.C. § 1111(b) mandates a life sentence. Yellowman maintains that the United States waived its objection to the sentence imposed and cannot raise this issue on appeal. We disagree.
 
 
 24
 The issue, whether 18 U.S.C. § 1111(b) mandates a life sentence, can be considered even if first raised on appeal, provided the issue presented is purely a matter of law and does not depend on the factual record developed by the parties. United States v. Barnett, 935 F.2d 178, 180 (9th Cir.1991); see also United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990) (where issue is purely a question of law and the opposing party will suffer no prejudice).
 
 
 25
 That is the nature of the issue before us. Whether 18 U.S.C. § 1111(b) mandates a life sentence for first degree murder is purely a question of law. Its resolution, furthermore, neither depends on the factual record, nor will Yellowman suffer prejudice by reason of this Court's consideration of the issue. Yellowman's counsel already has made the legal argument in an objection to the presentence report.
 
 
 26
 It turns out that this Court has already decided the issue. In United States v. LaFleur, 971 F.2d 200, 209-10 (9th Cir.1991) (as amended on denial of rehearing and rehearing en banc, Aug. 4, 1992), we held that 18 U.S.C. § 1111(b) mandates a minimum life sentence, and that the minimum life sentence prescribed by this statute is not modified by 18 U.S.C. § 3581(b)(1). Therefore, we must vacate the sentence imposed by the district court and remand for resentencing in accordance with this disposition.
 
 
 27
 AFFIRMED IN PART, VACATED IN PART and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The jury was not likely to have been confused by the instruction that to kill with malice aforethought means to kill "deliberately." "Deliberately" in that context is synonymous with "purposely." That meaning is easily distinguishable from the kind of "deliberation" (mature reflection) that may be a component of premeditation. The trial court's instructions, taken in context, adequately communicated the distinction between the two concepts